UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

# 24-80103-CR-CANNON/MCCABE

CASE NO. 18 U.S.C. § 1115
18 U.S.C. § 1001(a)(2)
18 U.S.C. § 1343
18 U.S.C. § 982(a)(2)(A)

FILED BY_____ MP _____D.C.

Aug 22, 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

UNITED STATES OF AMERICA

v.

DUSTIN SEAN McCABE,

Defendant.

_____/

## INDICTMENT

The Grand Jury charges that:

## GENERAL ALLEGATIONS

At all times material to this Indictment:

1.      Florida Scuba Charters, Inc. ("Florida Scuba Charters") was a Florida corporation with its listed principal address in St. Lucie County, in the Southern District of Florida.

2.      The defendant, **DUSTIN SEAN McCABE**, was a resident of Palm Beach and St. Lucie Counties and owned and operated Florida Scuba Charters.

3.      The M/V SOUTHERN COMFORT, Identification Number XYU7748FH788, Registration Number DO930158, was a 1988 48-foot Ocean Yachts Cruiser purchased by **DUSTIN SEAN McCABE** on or about March 10, 2020. The M/V SOUTHERN COMFORT was a recreational vessel only approved by the United States Coast Guard ("USCG") for recreational use:



***The CARES Act and Paycheck Protection Program***

4.      The United States Small Business Administration ("SBA") was an executive branch agency of the United States government that provided support to entrepreneurs and small businesses. The mission of the SBA was to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters.

5.      As part of this effort, the SBA enabled and provided for loans through banks, credit unions, and other lenders. These loans had government-backed guarantees.

6.      The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 and designed to provide emergency financial assistance to the millions of business owners who were suffering from the economic effects caused by the COVID-19 pandemic. One source of relief provided by the CARES Act was the authorization of

forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the PPP.

7.     In order to obtain a PPP loan, a qualifying business submitted a PPP loan application, which was signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan.  In the PPP loan application (SBA Form 2483), the small business (through its authorized representative) was required to provide, among other things, its: (a) average monthly payroll expenses; and (b) number of employees. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP.  In addition, businesses applying for a PPP loan were required to provide documentation confirming their payroll expenses.

8.     A PPP loan application was processed by a participating lender. If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies. While it was the participating lender that issued the PPP loan, the loan was 100% guaranteed by the SBA. Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the loan.

9.     PPP loan proceeds were required to be used by the business on certain permissible expenses—payroll costs, interest on mortgages, rent, and utilities. The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the business spent the loan proceeds on these expense items within a designated period of time and used a defined portion of the PPP loan proceeds on payroll expenses. In order to obtain PPP loan forgiveness, a qualifying business

submitted a PPP loan forgiveness application, which was signed by an authorized representative of the business.

### *Relevant Banks and Processors*

10.     Bank Processor 1 was a financial institution headquartered in Salt Lake City, Utah, that offered PPP loans through the Internet. Bank Processor 1 was also an approved SBA lender of PPP loans. A small business could apply for a PPP loan through an online portal operated by Bank Processor 1. Bank Processor 1 would receive and review the loan application. If the loan application was approved, Bank Processor 1 or a partner would disburse the PPP loan funds.

11.     Bank Processor 2 was a financial institution headquartered in Fort Lee, New Jersey, that offered PPP loans through the Internet. Bank Processor 2 was also an approved SBA lender of PPP loans. A small business could apply for a PPP loan through an online portal operated by Bank Processor 2. Bank Processor 2 would receive and review the loan application. If the loan application was approved, Bank Processor 2 or a partner would disburse the PPP loan funds.

12.     Credit Union 1 was a credit union headquartered in Knoxville, Tennessee, and was federally insured by the National Credit Union Administration.

### COUNT 1
### Seaman's Manslaughter
### (18 U.S.C. § 1115)

1.     The General Allegations section of this Indictment is re-alleged and incorporated by reference as though fully set forth herein.

2.     On or about March 29, 2020, in Palm Beach County, in the Southern District of Florida, and elsewhere, while aboard a vessel subject to the jurisdiction of the United States, the defendant,

**DUSTIN SEAN McCABE,**

4

being then and there the captain, engineer, and other person employed on a vessel, that is, the M/V

SOUTHERN COMFORT, by his misconduct, negligence, and inattention to his duties on said

vessel, and, being then and there the owner and charterer of a vessel, that is, M/V SOUTHERN

COMFORT, by his fraud, neglect, connivance, misconduct, and violation of law on said vessel,

caused the life of M.C.G.F. to be destroyed, in violation of Title 18, United States Code, Section

1115.

### COUNT 2
### False Statement Within the Jurisdiction of an Agency of the United States
### (18 U.S.C. § 1001(a)(2))

On or about March 5, 2020, in Palm Beach County, in the Southern District of Florida, and

elsewhere, in a matter within the jurisdiction of the United States Department of Homeland

Security, United States Coast Guard, an agency of the executive branch of the United States

Government, the defendant,

### DUSTIN SEAN McCABE,

did knowingly and willfully make a false, fictitious, and fraudulent statement and representation

as to a material fact, in that the defendant represented to an employee of the Department of

Homeland Security, the United States Coast Guard, that he would be using his vessel, that is, the

M/V SOUTHERN COMFORT, only for recreational purposes, when in truth and in fact, as the

defendant then and there well knew, he did not intend to use, and did not use, the vessel solely for

recreational purposes, in violation of Title 18, United States Code, Section 1001(a)(2).

### COUNTS 3-5
### Wire Fraud
### (18 U.S.C. § 1343)

1.    The General Allegations section of this Indictment is re-alleged and incorporated

by reference as though fully set forth herein.

2.     On or about the dates specified below, in Palm Beach and St. Lucie Counties, in the Southern District of Florida, and elsewhere, the defendant,

**DUSTIN SEAN McCABE,**

did knowingly, and with intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

## PURPOSE OF THE SCHEME AND ARTIFICE

3.     It was the purpose of the scheme and artifice for the defendant to unlawfully enrich himself by, among other things: (a) submitting and causing the submission of false and fraudulent applications for loans made available through the SBA to provide relief for the economic effects caused by the COVID-19 pandemic, including PPP loans; (b) diverting fraud proceeds for the defendant's personal use and to further the scheme and artifice; and (c) making false and fraudulent statements on PPP loan forgiveness applications to have the defendant's PPP loans forgiven.

## MANNER AND MEANS OF THE SCHEME AND ARTIFICE

The manner and means by which the defendant sought to accomplish the purposes of the scheme and artifice included, among other things, the following:

4.     In and around March 2020, **DUSTIN SEAN McCABE** caused the M/V SOUTHERN COMFORT to be modified so that his business Florida Scuba Charters could use the

vessel for paid scuba charters, with those modifications including removing the main deck engine controls so that the vessel could only be controlled from the bridge.

5.     On or about March 28, 2020, **DUSTIN SEAN McCABE**, acting as the owner and captain of the M/V SOUTHERN COMFORT, used the vessel as a commercial passenger vessel, without authorization by the USCG, to provide commercial scuba charter services to paying customers.

6.     On or about March 29, 2020, **DUSTIN SEAN McCABE** again used the M/V SOUTHERN COMFORT as a commercial passenger vessel without authorization by the USCG to provide commercial scuba charter services.

7.     On or about April 9, 2020, the USCG formally suspended **DUSTIN SEAN McCABE** from operating the M/V SOUTHERN COMFORT as a passenger vessel.  **McCABE** ceased operating Florida Scuba Charters after that date and was no longer able to earn income from operating unauthorized scuba charters using the M/V SOUTHERN COMFORT.

8.     Despite his ceasing to operate the M/V SOUTHERN COMFORT as a passenger vessel, **DUSTIN SEAN McCABE** nevertheless submitted and caused the submission of false and fraudulent PPP loan applications to Bank Processor 1 and Bank Processor 2 for Florida Scuba Charters, via interstate wire communications, through the online portals for both Bank Processor 1 and Bank Processor 2.

9.     **DUSTIN SEAN McCABE** submitted and caused the submission of false and fraudulent documentation in support of the PPP loan applications, including a falsified Internal Revenue Service Form 1120, and falsely and fraudulently misrepresented information about Florida Scuba Charters, including its number of employees, amount of monthly payroll, and whether it had spent previously obtained PPP funds on authorized expenses.

10.    **DUSTIN SEAN McCABE** submitted and caused the submission of false and fraudulent PPP loan forgiveness applications that misrepresented Florida Scuba Charters' number of employees retained and the amount of PPP funds that Florida Scuba Charters had expended on payroll expenses.

11.    As a result of the false and fraudulent PPP loan applications and loan forgiveness applications submitted as part of this scheme, Bank Processor 1 approved and then later forgave a PPP loan for Florida Scuba Charters and disbursed the loan proceeds in the amount of $18,750 to Florida Scuba Charters' Credit Union 1 account, via interstate wire transmission.

12.    As a result of the false and fraudulent PPP loan applications and loan forgiveness applications submitted as part of this scheme, Bank Processor 2 approved and then later forgave a PPP loan for Florida Scuba Charters and disbursed the loan proceeds in the amount of $20,350 to Florida Scuba Charters' Credit Union 1 account, via interstate wire transmission.

13.    **DUSTIN SEAN McCABE** used the proceeds from the fraud scheme to enrich himself and to further the scheme and artifice.

**USE OF THE WIRES**

14.    On or about the dates below, as to each count below, **DUSTIN SEAN McCABE** for the purpose of executing the aforesaid scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, did knowingly transmit and cause to be transmitted in interstate and foreign commerce, by means of wire communication, certain writings, signs, signals, pictures, and sounds, as described below:

8

| COUNT | APPROXIMATE DATE | DESCRIPTION OF WIRE |
|-------|------------------|---------------------|
| 3 | February 2, 2021 | Electronic submission of a false and fraudulent PPP loan application on behalf of Florida Scuba Charters, sent from the Southern District of Florida to Bank Processor 2, resulting in a PPP loan in the approximate amount of $20,385 deposited into Florida Scuba Charter's Credit Union 1 account. |
| 4 | May 14, 2021 | Electronic submission of a false and fraudulent PPP loan forgiveness application on behalf of Florida Scuba Charters, sent from the Southern District of Florida to Bank Processor 1, resulting in PPP loan forgiveness in the approximate amount of $18,750. |
| 5 | August 9, 2021 | Electronic submission of a false and fraudulent PPP loan forgiveness application on behalf of Florida Scuba Charters, sent from the Southern District of Florida to Bank Processor 2, resulting in PPP loan forgiveness in the approximate amount of $20,385. |

In violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATIONS

1.      The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **DUSTIN SEAN McCABE**, has an interest.

2.      Upon conviction of a violation of Title 18, United States Code, Section 1343, as alleged in this Indictment, the defendant shall forfeit to the United States any property constituting, or derived from, proceeds obtained, directly or indirectly, as the result of such offense, pursuant to Title 18, United States Code, Section 982(a)(2)(A).

All pursuant to Title 18, United States Code, Section 982(a)(2)(A) and the procedures set

forth at Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b)(1).

A TRUE BILL

FOREPERSON

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

ZACHARY A. KELLER
ASSISTANT UNITED STATES ATTORNEY

TANNER STIEHL
SPECIAL ASSISTANT UNITED STATES ATTORNEY

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

**CASE NO.: 24-80103-CR-CANNON/MCCABE**

v.

DUSTIN SEAN MCCABE,

**CERTIFICATE OF TRIAL ATTORNEY**

_____/
Defendant.

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of new counts _____

**Court Division** (select one)
☐ Miami    ☐ Key West    ☐ FTP
☐ FTL      ☒ WPB

I do hereby certify that:

1.  I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3.  Interpreter: (Yes or No) No__
    List language and/or dialect: _____

4.  This case will take __6__ days for the parties to try.

5.  Please check appropriate category and type of offense listed below:

    (Check only one)                    (Check only one)
    I    ☐ 0 to 5 days             ☐ Petty
    II   ☒ 6 to 10 days            ☐ Minor
    III  ☐ 11 to 20 days           ☐ Misdemeanor
    IV   ☐ 21 to 60 days           ☒ Felony
    V    ☐ 61 days and over

6.  Has this case been previously filed in this District Court? (Yes or No) No__
    If yes, Judge _____ Case No. _____
7.  Has a complaint been filed in this matter? (Yes or No) No__
    If yes, Magistrate Case No. _____
8.  Does this case relate to a previously filed matter in this District Court? (Yes or No) No__
    If yes, Judge _____ Case No. _____
9.  Defendant(s) in federal custody as of N/A
10. Defendant(s) in state custody as of N/A
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No__
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No__
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No__
15. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No__
16. Did this matter involve the participation of or consultation with now Magistrate Judge Marta Fulguera Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No__

By: _____
Zachary A. Keller
Assistant United States Attorney
Court ID No.    A5502767

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name**: ___DUSTIN SEAN MCCABE___

**Case No**: _____

Count #: 1

Seaman's Manslaughter

Title 18, United States Code, Section 1115
* **Max. Term of Imprisonment:** 10 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000

Count #: 2

False Statement Within the Jurisdiction of an Agency of the United States

Title 18, United States Code, Section 1001(a)(2)
* **Max. Term of Imprisonment:** 5 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000

Counts #: 3-5

Wire Fraud

Title 18, United States Code, Section 1343
* **Max. Term of Imprisonment:** 20 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000

**\*Refers only to possible term of incarceration, supervised release, and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**