UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

UNITED STATES OF AMERICA,                  CASE:. 9:24-cr-80103-AMC-1
    Plaintiff,

V.

DUSTIN SEAN MCCABE
    Defendant.

_____/

### MOTION TO SEVER AND INCORPARATED MEMORANDUM OF LAW

**COMES NOW**, Defendant Dustin Sean McCabe, and moves this Honorable Court, pursuant to Rules 8A and 14, of the Federal Rules of Criminal Procedure, to sever the charges contained in the indictment, for the following reasons:

1. Mr. McCabe is charged in a three count indictment:

    a. <u>COUNT 1</u>- Seaman's Manslaughter (18 USC 1115),
    b. <u>COUNT 2</u> – False Statement within the Jurisdiction of an agency of the United (18 USC 1001(a)(2),
    c. <u>COUNT 3 – 5</u> Wire Fraud (18 USC 1343).

2. Count 1 alleges violations of the Seaman's Manslaughter statute alleging causing the death of M.C.G.F which occurred on March 5, 2020.

3. Count 2-5 allege financial fraudulent activity alleging activities occurring from February 2, 2021, thru August 9, 2021.

4. The manslaughter counts and the financial fraud counts have completely unrelated and separate victims.

5. These counts will hopelessly prejudice the Jury against Mr. McCabe.

The allegation that Mr. McCabe did make knowing and fictitious fraudulent representations to various banks and agencies regarding financial matters (loans) has no rational relationship to the charge of Seaman's Manslaughter.

The prejudicial impact of advising the jury that Mr. Cabe has committed 4 additional, fraud related crimes, in addition to the Seaman's Manslaughter, would be considerable. Disclosing to the jury that Mr. McCabe received financial gain from the government subsequent to the death of M.C.G.F would all but guarantee that Mr. McCabe would not receive a fair trial.

Under Rule 8 of the Federal Rules of Criminal Procedure two or more offenses may be charged in the same indictment or information if the charges are of the same or similar character, are based upon the same act or transaction, or on two or more acts connected together or constituting parts of a common scheme or plan.  Joinder of parties and defendants under Rule 8 is designed to promote judicial economy and efficiency. *United States v. Davis*, 773 F.2nd 1180 (11th Cir. 1985). It is the government's burden to show that the initial joinder is proper under Rule 8. *United States v. Davis,* supra. But the question of whether the initial joinder is proper under Rule 8 is to be determined before trial by an examination by the trial court of the allegations stated on the face of the indictment. *United States v. Weaver*, 905 F.2d 1466 (11th Cir. 1990). *United States v. Morales*, 868 F.2d 1562 (11th Cir. 1989).

Going to the indictment, the government has clearly failed to meet this burden.  Mr. McCabe is charged with Seaman's Manslaughter and a totally separate financial fraud crime with totally separate and individual victims. These offenses are not of the same or similar character. They are not based upon the same acts or transactions, nor common scheme or plan.  Clearly, under Rule 8, joinder would be highly prejudicial and erroneous.

Rule 14 provides that if it appears that a defendant is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the Court may order an election or separate trials or provide whatever other relief justice requires.  Rule 14 Federal Rules of Criminal Procedure.

The case law suggests that improper joinder may be harmless unless it results in actual prejudice. *United States v. Weaver*, supra. In this cause, the jury is going to be called to determine whether, based upon Mr. McCabe's business practices in 2021, he did in fact commit Seaman's Manslaughter in 2020. The initial allegation, totally unrelated to the fraud charges, if presented to a jury, would "result in actual prejudice because it "had substantial and injurious effect or influence in determining the jury's verdict" *Kotteakos v. United States*, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946). The mere allegations of presenting both Count 1 (Seaman's Manslaughter) and Counts 2-5 (Fraud) to the jury would be sufficient to cause a jury to stray from the real issues in this case.

Finally, Mr. McCabe's right to testify on his own behalf would be compromised. Depending on the development of this case, it may be advisable for Mr. McCabe to testify in the Seaman's Manslaughter case but not the fraud cases.  The improper joinder of the counts could prevent Mr. McCabe from exercising this right in a meaningful fashion. *United States v. Holloway*, 1 F.3d 307 (5th Cir. 1993).

Wherefore, the Defendant hereby moves this Honorable Court to sever Count 1 from Counts 2-5.

Respectfully submitted,

**TERRENCE O'SULLIVAN**
3810 Murrell Road #340
Rockledge, Florida 32955
321-422-2882 (office)
321-848-2144

**CALISHA A. FRANCIS**
3920 Woodside Drive #10
Coral Springs, Florida 33065
954-612-6126

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically noticed through the CM/ECF system to Zachary A. Keller, AUSA, and all other parties of record, on this 30th Day of December, 2024.

Respectfully submitted,
**TERRENCE O'SULLIVAN**
3810 Murrell Road #340
Rockledge, Florida 32955
321-422-2882 (office)
321-848-2144

/s/ _Terrence J. O'Sullivan, Esq._
**TERRENCE J. O'SULLIVAN**
Attorney for the defendant
Florida Bar Number: 0644031
Terrence@TerrenceOSullivanLaw.com

**CALISHA A. FRANCIS**
3920 Woodside Drive #10
Coral Springs, Florida 33065
954-612-6126

/s/ _Calisha A. Francis, Esq._
**CALISHA A. FRANCIS**
Attorney for the Defendant
Florida Bar Number: 96348
cthomlaw@aol.com