# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# WEST PALM BEACH DIVISION

UNITED STATES OF AMERICA,　　　　　　　CASE: 9:24-cr-80103-AMC-1
　　　　Plaintiff,

V.

DUSTIN SEAN MCCABE
　　　　Defendant.

_____/

### DEFENDANT'S SENTENCING MEMORANDUM

 COMES NOW the Defendant, Dustin McCabe, by and through undersigned counsel, and respectfully submits this Sentencing Memorandum in advance of his sentencing hearing, and in support of a sentence that is sufficient but not greater than necessary to satisfy the purposes of sentencing under 18 U.S.C. § 3553(a). This memorandum addresses both the improper application of a two-level enhancement under U.S.S.G. §3B1.3 and presents mitigating circumstances that warrant a more lenient sentence.

**I. OBJECTION TO ROLE IN THE OFFENSE ENHANCEMENT (U.S.S.G. §3B1.3)**

 The Presentence Investigation Report (PSI), at paragraph 45, applies a two-level enhancement for "Adjustment for Role in the Offense," asserting: "The defendant was a boat captain of the motor vessel involved in the death of M.C.G.F. Since the defendant used a special skill in a manner that significantly facilitated the commission or concealment of the offense, the offense level is increased by two levels." *DE 119 at 15 (emphasis supplied)*.

This enhancement is improperly applied and should be removed. Pursuant to **U.S.S.G. §3B1.3**, a two-level enhancement is warranted only where a defendant *uses* a special skill *in a manner that significantly facilitates* the commission or concealment of the offense. Moreover, the guideline expressly prohibits application where the special skill is already incorporated into the base offense level: "This adjustment may not be employed if an abuse of trust or skill is included in the base offense level or specific offense characteristic." *U.S.S.G. §3B1.3.*

The Eleventh Circuit has clarified that the Government must establish **both** that the defendant possessed a special skill and that the defendant used that skill in a manner that significantly facilitated the commission or concealment of the offense. See *United States v. Ward*, 222 F.3d 909, 911–12 (11th Cir. 2000).

Here, the offense of conviction—seaman's manslaughter under **18 U.S.C. §1115**—inherently applies only to persons in maritime positions such as captains. Mr. McCabe's role as a vessel captain is an **element of the offense**, and the use of that status is already contemplated in the base offense level. Thus, applying a §3B1.3 enhancement would result in impermissible double counting.

Further, the PSI fails to establish that Mr. McCabe used his maritime training or captain's license to *facilitate* or *conceal* the offense in a manner beyond that required for the offense itself. There is no allegation or evidence that specialized navigational knowledge or other "special skills" were misused in a way that significantly contributed to the commission or concealment of the offense.

Accordingly, the enhancement under §3B1.3 is **legally and factually inapplicable** and must be removed. Removal of the two-level enhancement would reduce Mr. McCabe's total offense level to 24, resulting in a revised guideline range of **51 to 63 months**.

## II. MITIGATING FACTORS UNDER 18 U.S.C. § 3553(a)

In determining an appropriate sentence, the Court is guided by the statutory directive to impose a sentence that is sufficient but not greater than necessary to comply with the purposes of sentencing. Several statutory factors under § 3553(a) support a sentence below the applicable guideline range or at the low end of a revised range.

### 1. Nature and Circumstances of the Offense

Mr. McCabe's case arises from a tragic accident resulting in the loss of life. While the consequences are severe, the offense was not the result of deliberate criminal intent or malice. The conduct at issue, while serious, occurred in the context of a lawful boating activity that turned tragic. The absence of any intentional wrongdoing or willful disregard for human life supports a more tempered sentence.

### 2. History and Characteristics of the Defendant

Mr. McCabe is a first-time offender in his early fifties with no prior criminal history. He has led a law-abiding and productive life, maintaining steady employment as a licensed boat captain—a position that requires discipline, responsibility, and public trust. He possesses strong ties to his family and community, and has consistently expressed genuine remorse for the events leading to the offense. Nothing in his personal history indicates that he poses any ongoing threat to public safety, nor is there any indication that he is at risk for recidivism.

### 3. Acceptance of Responsibility (Relevant § 3553(a) Consideration)

Although Mr. McCabe proceeded to trial and did not qualify for a reduction under U.S.S.G. §3E1.1, his conduct throughout the proceedings nonetheless reflects a meaningful degree of personal accountability that the Court may consider under 18 U.S.C. § 3553(a). Prior to trial, Mr. McCabe stipulated that he would not pursue a defense strategy based on shifting blame to government witnesses or co-defendants. He did not seek to minimize the seriousness of the offense

or the loss of life involved. His conduct was respectful, restrained, and devoid of tactics intended to inflame or prolong the proceedings unnecessarily. While asserting his legal defenses, Mr. McCabe consistently demonstrated moral responsibility for the incident.

Such posture, though insufficient to warrant a formal guideline reduction, is relevant to the broader inquiry into his character and rehabilitative potential. See *United States v. Jones*, 158 F.3d 492, 500 (10th Cir. 1998) (noting that courts may consider acceptance of responsibility under § 3553(a), independent of §3E1.1).

### 4. Need for Just Punishment, Deterrence, and Public Protection

A guideline sentence, particularly one enhanced by an improperly applied two-level adjustment, would result in a punishment greater than necessary to meet the purposes of sentencing. Mr. McCabe has already faced significant consequences as a result of this case, including damage to his career and reputation. A reduced sentence will adequately promote respect for the law, afford just punishment, and serve the interests of both general and specific deterrence without imposing an excessive penalty.

### 5. Need for Rehabilitation and Reintegration

Mr. McCabe does not present a risk of recidivism and does not require extensive correctional treatment. A more measured sentence would allow for earlier reintegration into society, consistent with the goals of rehabilitation and productive reentry.

### III. CONCLUSION

For the foregoing reasons, the Defendant respectfully requests that this Honorable Court:

    a. Decline to apply the two-level enhancement under U.S.S.G. §3B1.3;

b. Adopt a total offense level of 24, resulting in an advisory guideline range of 51 to 63 months; and

c. Impose a sentence at the low end of the revised range or consider a downward variance in light of the mitigating factors discussed herein.

Respectfully submitted,

      **TERRENCE O'SULLIVAN**
      3810 Murrell Road #340
      Rockledge, Florida 32955
      321-422-2882 (office)
      321-848-2144

      **CALISHA A. FRANCIS**
      3920 Woodside Drive #10
      Coral Springs, Florida 33065
      954-612-6126

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically noticed through the CM/ECF system to Zachary A. Keller, AUSA, and all other parties of record, on this 5th Day of August, 2025.

      **TERRENCE O'SULLIVAN**
      3810 Murrell Road #340
      Rockledge, Florida 32955
      321-422-2882 (office)
      321-848-2144

      */s/ Terrence J. O'Sullivan, Esq.*
      **TERRENCE J. O'SULLIVAN**
      Attorney for Mr. McCabe
      Florida Bar Number: 0644031
      Terrence@TerrenceOSullivanLaw.com

      **CALISHA A. FRANCIS**
      3920 Woodside Drive #10

Coral Springs, Florida 33065
954-612-6126

*/s/* *Calisha A. Francis, Esq.*
**CALISHA A. FRANCIS**
Attorney for Mr. McCabe Florida
Bar Number: 96348
cthomlaw@aol.com